139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Satvinder SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION, SERVICE, Respondent.
 No. 96-71109.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 11, 1998**.
Feb. 13, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Satvinder Singh, a 19-year old native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under INA §§ 208(a) and 243(h) of the Immigration and Nationality Act, codified at 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)1, and we deny the petition.
 
 
 3
 Singh grew up in the Punjab region of India and is a life-long believer in the Sikh faith. In February 1991, he joined the Sikh Student Federation, a religious and political organization that advocates greater freedoms for Sikhs, including the creation of a separatist Sikh nation. He attended meetings and rallies as a listener, paid a nominal membership fee, and helped make political banners advocating the creation of a Sikh nation.
 
 
 4
 At his deportation hearing, Singh testified to a series of events which allegedly made him fear for his life. Specifically, in August 1991 the police arrived at a political rally he was attending with motives Singh believed were impure, so much so that he felt compelled to flee. At a later rally in November 1991, the police showed up again. According to his testimony, he suffered at least one physical blow as the police broke up the meeting, but was able to successfully flee. He later sought shelter at his "uncle's" house. Family members reported to him that the police were "looking for him" while he remained hidden. Although he was never arrested, detained or interrogated prior to or after the November 1991 rally, Singh claims that up to fifteen leaders of the Student Federation were arrested and have since "disappeared."
 
 
 5
 In addition, Singh testified that members of his family have been arrested and beaten since he left India; his brother is required to report weekly to the police and indicates that the police continue to express an interest in Singh's whereabouts. Finally, the U.S. State Department's report on police brutality in the Punjab region (which was entered into the administrative record) reveals a history of anti-Sikh police brutality and violence.
 
 
 6
 Seven months after going into hiding, Singh fled India and illegally entered the United States. He has conceded deportability but seeks asylum under INA § 208(a), 8 U.S.C. § 1158(a), and withholding of deportation.[2]
 
 
 7
 The Immigration Judge who heard Singh's case determined that he failed to establish statutory eligibility for asylum or withholding of deportation. Singh appealed to the BIA, which affirmed the decision of the IJ and adopted the findings of the IJ as its own. As a result, we review the decision of the IJ. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993).
 
 ANALYSIS
 
 8
 We review the decision of the IJ for substantial evidence. de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997). To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, Singh must show that his fear is subjectively genuine and objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). We will reverse only if the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
 
 
 9
 Singh argues that he has met the statutory requirements for asylum because he has established a well-founded fear of future persecution. "An asylum applicant's candid, credible, and sincere testimony demonstrating a genuine fear of persecution satisfies the subjective component of the well-founded fear requirement." Id. (internal quotations omitted). The IJ specifically found Singh to be a credible witness but found that he had failed to provide documentary or other corroborative evidence that could explain the inconsistencies between his testimony and the evidence in his case. We focus, therefore, on the objective component of a well-founded fear of persecution.
 
 
 10
 The objective component requires "credible, direct and specific evidence of facts supporting a reasonable fear of persecution." Hartooni v. INS, 21 F.3d 336, 341 (9th Cir.1994). An alien is not required, however, to prove that persecution is more likely than not. INS v. Cardoza-Fonseca, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). According to the February 1995 State Department report included in the administrative record, political conditions in the Punjab region have markedly improved since Singh left in 1992. (AR 103-104). In addition, Singh has disclaimed any connection to the violent, militant wings of the Sikh separatist movement, the very factions considered targets of the Indian police according to the State Department. Singh also candidly acknowledged that he could live in other parts of India "where he spoke the language." Despite his two brushes with the police, Singh has never been arrested, never interrogated, never detained, never charged with any crime and could not explain why the police would continue to be interested in him nearly six years after he left the country. We agree with the IJ and BIA that Singh failed to establish an objective fear of persecution.
 
 
 11
 Because Singh failed to satisfy the standard for asylum, he necessarily failed to satisfy the more rigorous standard for withholding of deportation. See de Leon-Barrios, 116 F.3d at 394; Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990) (stating that an alien's burden of proof for withholding of deportation is "much greater" than for eligibility for asylum).
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a
 
 
 [2]
 8 U.S.C. § 1158(a) provides that the Attorney General has the discretionary authority to grant asylum, provided that the alien establishes eligibility. Eligibility for discretionary relief requires the alien to meet the definition of refugee under 8 U.S.C. § 1101(a)(42)